**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 26-cv-00837-STV

ARCHIVALDO MENDOZA,

      Petitioner,

v.

JUAN BALTAZAR;
ROBERT HAGAN;
TODD LYONS;
KRISTI NOEM; and
PAMELA BONDI,

      Respondents.

_____

**ORDER**
_____

Magistrate Judge Scott T. Varholak

      This matter is before the Court on Petitioner Archivaldo Mendoza's Petition for Writ of Habeas Corpus (the "Petition") [#1].  The parties have consented to proceed before a United States Magistrate Judge for all proceedings, including entry of a final judgment. [#7]  In his Petition, Mr. Mendoza seeks a writ of habeas corpus under 28 U.S.C. § 2241, challenging his detention in Department of Homeland Security ("DHS") custody.  [#1]  Mr. Mendoza seeks a writ ordering Respondents to immediately release him or release him upon posting of a $3,000 bond.  [*Id.*]  The Court has carefully reviewed the filings to date, and the applicable case law, and has determined that oral argument would not materially assist the Court in reaching a disposition.  For the following reasons, the Court **GRANTS** the Petition.

## I.    BACKGROUND

The parties do not appear to dispute the material facts of Mr. Mendoza's immigration history.  [*See* ##1 at ¶¶ 26-36; 8 at 2-3]

Mr. Mendoza is a 48-year-old citizen and national of Mexico.  [##1 at ¶ 26; 8 at 2] He entered the United States without inspection in 1999.  [##1 at ¶¶ 26, 29; 8 at 2]  Mr. Mendoza is married and has three children.[1]  [#1 at ¶ 26]  Two of his children are United States citizens and his third child is a lawful permanent resident of the United States.  [*Id.*] Mr. Mendoza has no criminal history.  [*Id.*]  He is the sole financial support for his family and has been employed at the same painting company since 2007.  [*Id.* at ¶¶ 26, 28]  He filed tax returns between, and including, the years of 2000 and 2025.  [*Id.*]

On November 29, 2025, Mr. Mendoza was detained by Respondents following a traffic stop in Wyoming wherein Mr. Mendoza was a passenger in the stopped vehicle. [*Id.* at ¶ 27; #8 at 2]  He was subsequently transferred to a facility in Aurora, Colorado. [#1 at ¶ 29]  On November 30, 2025, Respondents placed Mr. Mendoza in removal proceedings.  [*Id.* at ¶ 30]  On December 22, 2025, Mr. Mendoza requested a bond hearing before an Immigration Judge.  [*Id.* at ¶ 31; #8 at 2-3]  On January 13, 2026, an Immigration Judge granted Mr. Mendoza bond in the amount of $3,000.  [##1 at ¶ 32; 8 at 3]  Though his family has attempted to pay the bond, Mr. Mendoza has remained in custody since then.  [#1 at ¶ 32]

On January 14, 2026, the DHS filed a Notice of Intent to Appeal Custody Redetermination.  [*Id.* at ¶ 33; #8 at 3]  On January 28, 2026, the DHS filed an appeal

---

[1] Petitioner provides further information about his life in the United States which Respondents do not dispute or otherwise remark upon.

with the Board of Immigration Appeals ("BIA").  [##1 at ¶ 33; 8 at 3]  The DHS's stated reason for appealing was that the Immigration Judge erred in finding Mr. Mendoza eligible for bond pursuant to 8 U.S.C. § 1226(a) and, in the alternative, erred in finding that Mr. Mendoza was not a flight risk.  [##1 at ¶ 34; 8 at 3]  Mr. Mendoza's case remains pending a decision by the BIA.  [##1 at ¶ 36; 8 at 3]

The Petition includes four claims.  First, Mr. Mendoza asserts a claim for violation of his Fifth Amendment Right to substantive Due Process.  [#1 at ¶¶ 105-10]  Second, he asserts a claim for violation of his Fifth Amendment Right to procedural Due Process.  [*Id.* at ¶¶ 111-16]  Third, he asserts a claim contending that the automatic stay regulation, 8 C.F.R. § 1003.19(i)(2), is unlawful and ultra vires.  [*Id.* at ¶¶ 117-20]  Fourth, he asserts a claim for violation of the Immigration and Nationality Act ("INA") Section 236(a), 8 U.S.C. § 1226(a).  [*Id.* at ¶¶ 121-24]

On March 2, 2026, Petitioner commenced this action through counsel by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  [#1]  Respondents filed a Response opposing all of Mr. Mendoza's asserted relief [#8] and Mr. Mendoza replied [#10].

## II.    LEGAL STANDARD

### A.    Habeas Corpus under 28 U.S.C. § 2241

Section 2241 authorizes courts to adjudicate a writ of habeas corpus when a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."  *Vizguerra-Ramirez v. Baltazar*, No. 25-cv-00881-

3

NYW, 2025 WL 3653158, at *3 (D. Colo. Dec. 17, 2025). "The writ of habeas corpus is designed to challenge 'the fact or duration' of a person's confinement." *Ramirez v. Bondi*, No. 25-cv-1002-RMR, 2025 WL 1294919, at *3 (D. Colo. May 5, 2025) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)).

"Habeas corpus proceedings under § 2241 'remain available as a forum for statutory and constitutional challenges to post-removal-period detention' effectuated under § 1231(a)(6)." *Juarez v. Choate*, No. 1:24-cv-00419-CNS, 2024 WL 1012912, at *3 (D. Colo. Mar. 8, 2024) (quoting *Singh v. Choate*, No. 23-cv-02069-CNS, 2024 WL 309747, at *1 (D. Colo. Jan. 26, 2024)). "[A] noncitizen may bring a habeas petition under this section if his or her confinement violates the Fifth Amendment's guarantee of due process." *Id.* (citing *Diaz-Ceja v. McAleenan*, No. 19-cv-00824-NYW, 2019 WL 2774211, at *3 (D. Colo. July 2, 2019)).

### B.    The Automatic Stay Provision

A non-citizen who is detained under 8 U.S.C. § 1226(a) may be released on bond. 8 U.S.C. § 1226(a)(2)(A). However, "[i]n any case in which DHS has determined that [a non-citizen] should not be released or has set a bond of $10,000 or more, any order of the immigration judge authorizing release . . . shall be stayed upon DHS's filing of a notice of intent to appeal." 8 C.F.R. § 1003.19(i)(2). The immigration judge's order "remain[s] in abeyance pending decision of the appeal by the [BIA]." *Id.*

The automatic stay "lapse[s] 90 days after the filing of the notice of appeal." *Id.* § 1003.6(c)(4). However, DHS can also "seek a discretionary stay . . . to stay the immigration judge's order in the event the [BIA] does not issue a decision on the custody appeal within the period of the automatic stay." *Id.* § 1003.6(c)(5). If the BIA does not

4

adjudicate a motion seeking a discretionary stay by the end of the 90-day automatic stay period, "the stay will remain in effect (but not more than 30 days) during the time it takes for the [BIA] to decide whether or not to grant a discretionary stay." *Id.*

If the BIA authorizes a non-citizen's release, denies a motion for discretionary stay, or fails to act on such a motion before the automatic stay period expires, the non-citizen's release is automatically stayed for five business days. 8 C.F.R. § 1003.6(d). During that period, DHS can choose to refer the bond decision to the Attorney General, which extends the automatic stay for another 15 business days. *Id.* The Attorney General can then extend the stay for the pendency of the custody proceedings. *Id.*

## III.    ANALYSIS

As an initial matter, Petitioner in part challenges the Government's continued assertion on appeal that Mr. Mendoza is subject to mandatory detention under Section 1225(b)(2). [#1 at ¶¶ 121-24] While the Court acknowledges that this statute is the driving force behind the Government's position on appeal before the BIA, it is undisputed that this statutory authority is not the basis for Mr. Mendoza's current detention. [*See* #8 at 13 ("Petitioner is currently in custody pursuant to § 1226(a)")] Petitioner points to no authority permitting the Court to issue what would essentially be an advisory opinion on the applicability of Section 1225(b)(2)(A) to his case. Thus, the Court agrees with Respondents that Mr. Mendoza's fourth claim is not ripe for disposition. [*Id.* at 13-14]

On the other hand, there is no dispute that Mr. Mendoza's due process challenge to the Government's invocation of the automatic stay regulation is properly before this Court. Respondents contend that, in accordance with the regulatory process, Petitioner has been given notice and an opportunity to be heard on whether he should be released

5

on bond. [*Id.* at 7] Accordingly, they argue that Petitioner has not alleged a procedural due process violation. [*Id.*] However, this District has repeatedly held that the test articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976), properly governs this type of procedural due process challenge. *See, e.g.*, *Merchan-Pacheo v. Noem*, No. 1:25-cv-03860-SBP, 2026 WL 88526, at **4-6, 13-16 (D. Colo. Jan. 12, 2026); *Ruiz Diaz v. Noem*, 1:26-cv-00782-SKC, 2026 WL 733587, at **3-4 (D. Colo. Mar. 16, 2026); *Rivas v. Baltazar*, No. 1:26-cv-00442-SKC, 2026 WL 444732, at **2-4 (D. Colo. Feb. 17, 2026); *Moreno Santana v. Baltazar*, No. 26-cv-0787-WJM-SBP, 2026 WL 709759, at **2-5 (D. Colo. Mar. 13, 2026); *Granillo Chavarria v. Baltasar*, No. 26-cv-0712-WJM, 2026 WL 696580, at **2-5 (D. Colo. Mar. 12, 2026). The Court is persuaded by the reasoning advanced by these courts and proceeds to apply the *Mathews* factors to this case.

Under *Mathews*, courts weigh the following three factors to determine whether a civil detention violates a detainee's due process rights: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedure requirement would entail." *Mathews*, 424 U.S. at 335. Here, all three *Mathews* factors strongly support Mr. Mendoza's position that his procedural due process rights have been violated.

First, Mr. Mendoza's private interest in this case is beyond dispute. As a result of the automatic stay, Mr. Mendoza has lost his freedom for multiple months despite the fact that an Immigration Judge determined he did not pose a risk of flight or danger sufficient

to deny bond.  A person's physical freedom "is the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004); *see also Moreno Santana*, 2026 WL 709759, at *3 (same).  Despite not being accused of any crime, Petitioner is being held at a detention facility away from his family.  Though Respondents argue that, at the time the Response was filed, Mr. Mendoza had only been detained for 78 days, other courts have found that detention of similar duration was sufficient to find that the first *Mathews* factor weighs in favor of the petitioner.  *See, e.g.*, *Rivas*, 2026 WL 444732, at *1, 3.

Turning to the second factor, Respondents contend that further review by the BIA will enhance the accuracy of a bond decision, rather than increase the risk of erroneous deprivation of Petitioner's private interests.  [#8 at 9]  This position frames the concern for accuracy solely in the Government's favor, which is inappropriate here.  Indeed, "the traditional due process concern with accuracy . . . customarily is meant to protect the individual interest."  *Benham v. Ledbetter*, 785 F.2d 1480, 1487 (11th Cir. 1986).  In matters such as this, the concern for accuracy is that individuals will erroneously be deprived of their liberty—the paramount interest at stake—as opposed to a concern with the accuracy of an Immigration Judge's determination that an individual is not a danger or a flight risk.

Here, there is a large risk of erroneous deprivation of Petitioner's liberty interest through the procedures used in this case.  "The risk of deprivation is high because 'the only individuals subject to the automatic stay are those who, by definition, prevailed at their bond hearing.'" *Merchan-Pacheo*, 2026 WL 88526, at *15 (quoting *Carlon v. Kramer*, 2025 WL 264386, at (D. Neb. Sept. 11, 2025)).  Despite a neutral decision-maker finding that Petitioner was entitled to be released on bond, the automatic stay provision permitted

Respondents to unilaterally deprive Petitioner of his liberty.  As another court aptly observed:

> [T]he automatic stay regulation empowers [Immigrations and Customs Enforcement ("ICE")]—the losing party in the bond hearing—to unilaterally override the decision of the [Immigration] Judge and keep the noncitizen detained pending appeal. Such a rule allows the government to bypass its burden of proof at bond hearings and usurp the role of the Immigration Judge.

*Sampiao v. Hyde*, 799 F. Supp. 3d 14, 32 (D. Mass. 2025) (citations omitted).

"[A] stay of an order directing the release of a detained individual is an 'especially' extraordinary step, because '[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception.'" *Gunaydin v. Trump*, No. 25-CV-01151 (JMB/DLM), 2025 WL 1459154, at *9 (D. Minn. May 21, 2025) (quoting *United States v. Salerno*, 481 U.S. 739, 755 (1987)).  The automatic stay here is particularly extraordinary because it does not require DHS to consider or demonstrate any individualized facts or show a likelihood of success on the merits.  In addition, the automatic stay regulation is not the Government's only available tool for keeping a noncitizen detained after an Immigration Judge's bond determination.  The Government may also seek a discretionary stay from the BIA.  *See* 8 C.F.R. § 1003.19(i)(1) (granting the BIA authority to stay an order of an Immigration Judge).  "This procedure, at minimum, mitigates the concern about DHS usurping the neutral adjudicatory role of an Immigration Judge and provides additional safeguards that the automatic stay provision lacks."  *Merchan-Pacheo*, 2026 WL 88526, at *15.  Given these facts, the second *Mathews* factor favors Petitioner.

Finally, with respect to the third factor, Respondents contend that they have a strong governmental interest in preventing flight risks due to the difficulties of removing noncitizens who are not detained.  [#8 at 9]  "But this interest rings hollow given that, as

8

[previously noted], this automatic stay is being applied only to individuals 'who an Immigration Judge has determined [do] not pose a public safety threat or a risk of flight sufficient to warrant continued confinement.'" *Rivas*, 2026 WL 444732, at *4 (quoting *Merchan-Pacheo*, 2026 WL 88526, at *16) (emphasis omitted)). An Immigration Judge has already determined that the $3,000 bond is sufficient to establish that Petitioner will not pose a flight risk. In such cases, "the Government's stated interest . . . is unsubstantiated and based on nothing more than mere conjecture." *Moreno Santana*, 2026 WL 709759, at *5.

In conclusion, all three *Mathews* factors weigh in favor of Mr. Mendoza. The Court thus finds that the automatic stay regulation, 8 C.F.R. § 1003.19(i)(2) violates Mr. Mendoza's procedural due process rights under the Fifth Amendment. Though Petitioner also asserts that the automatic stay violates his substantive due process rights and constitutes ultra vires agency action, the Court need not reach these issues. Accordingly, the Petition for Writ of Habeas Corpus is GRANTED. The appropriate remedy is for Petitioner to be released upon posting the bond ordered by the Immigration Judge. *See Merchan-Pacheo*, 2026 WL 88526, at *16; *Moreno Santana*, 2026 WL 709759, at *5.

## IV.    CONCLUSION

For the foregoing reasons, it is **ORDERED**:

(1) That the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [#1] is **GRANTED**;[2]

---

[2] To the extent Petitioner seeks an award of attorney's fees, he may file a separate motion for fees that complies with the Federal Rules of Civil Procedure and the Local Rules of Practice for this District.

(2) Once Mr. Mendoza posts his $3,000 bond, Respondents shall immediately release Mr. Mendoza from custody;

(3) Respondents shall file a status report within **TEN DAYS** of the date of this Court's Order to certify compliance.

DATED:  April 7, 2026                    BY THE COURT:


s/Scott T. Varholak
United States Magistrate Judge